507 So.2d 1202 (1987)
LaBONTE PRECISION, INC., Appellant,
v.
LPI INDUSTRIES CORPORATION and Norman O. Sauey, Jr., Appellees.
No. 4-86-2331.
District Court of Appeal of Florida, Fourth District.
June 3, 1987.
*1203 Patricia E. Cowart and Steven M. Greenbaum of Ruden, Barnett, McClosky, Schuster & Russell, P.A., Miami, for appellant.
Robert L. Wunker of English, McCaughan & O'Bryan, Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
We affirm the trial court's order denying appellant's motion to stay arbitration, and reject appellant's reliance upon R.W. Roberts Construction Corp. v. St. Johns River Water Management District, 423 So.2d 630 (Fla. 5th DCA 1982), as a basis for reversal. In Roberts, the district court of appeal let the trial court's order stand, denied certiorari, and said, the trial court's construction of the parties' contract being reasonable, there was no departure from the essential requirements of law. The Roberts court merely accepted as reasonable the trial court's finding that mutuality of obligation was lacking, whereas here we may infer the trial court found only that there was no mutuality of remedies.
In this case, after the closing of a sales contract to purchase the assets of a corporation, the buyer accused the seller of misrepresenting the financial condition of the business. Thereafter, the seller sought declaratory relief in the circuit court, whereupon the buyer moved to compel arbitration as per the terms of the contract. The seller moved to stay the arbitration and the trial court denied the motion.
This court has held in Wright & Seaton, Inc. v. Prescott, 420 So.2d 623, 626 (Fla. 4th DCA 1982), that:
(a) the absence of mutuality of remedies will not destroy an agreement's validity;
(b) a want of mutuality is no defense to an executed contract;
(c) a promise lacking mutuality at its inception becomes binding on its promisor after performance by the promisee; and
(d) where there is no other consideration for a contract, mutual provisions must be binding on both parties, but where there is any other consideration for the contract, mutuality of obligation is not essential.
Further, we find Judge King's opinion in Kalman Floor Co. v. Joseph L. Muscarelle, Inc., 196 N.J. Super. 16, 481 A.2d 553 (App.Div. 1984), to be persuasive in its reasoning and thoroughness. That opinion, together with Willis Flooring v. Howard S. Lease Construction Co. & Associates, 656 P.2d 1184 (Alaska 1983), which it quotes, contains citations from Restatement (Second) of Contracts, reflecting the thinking of the American Law Institute. Mutuality of remedy in contracts as a requirement has largely disappeared from the law of American jurisdictions.
Court calendars are crowded, and arbitrators are frequently specialists who have a level of expertise on the disputed issues not likely to be shared by judges. The parties are sophisticated. There is no reason to protect the seller from the implementation of an arbitration clause it freely agreed to.
Affirmed.
ANSTEAD, J., concurs.
LETTS, J., dissents with opinion.
LETTS, Judge, dissenting.
I would reverse on the authority of R.W. Roberts Construction Corp. v. St. Johns *1204 River Water Management District, 423 So.2d 630 (Fla. 5th DCA 1982).